Hawkins J.,
delivered the opinion of the Court.
At the October Term, 1865, of the Circuit Court for the County of Dyer, Echols and Frazier moved •the Court to supply the record in the case of Echols and Frazier vs.' Faust, to which Faust objected; and after argument — as appears from the record — the Court ordered that said record be supplied.
The judgment of the Court recites that it appeared from the affidavit of T. II. Burton, that, at the February Term, 1862, of said Court, Echols and Frazier recovered a judgment against Faust, who 'was present in Court, and litigating his rights for the sum of $150.00 — debt and interest — also $5.25, costs of suit; that the same was entered upon the minutes of the *399 Court; that no execution was issued thereon; that he was Clerk of said Court at the time, and that said judgment remained unsatisfied, when the record, and all the papers belonging to said case, were destroyed, by the burning of the Court-house
The judgment also recites, that it farther appeared to the Court, from the affidavit of J. W. Echols, one of the firm of Echols & Frazier, that, at the February Term, 1862, of said Court, Echols & Erazier re-overed a judgment against Faust, for the sum of $150.00, besides costs of suit; that the same was entered upon the minutes of said Court, and remained unsatisfied; that no execution was issued upon said judgment; and that the record and all the papers had been destroyed by fire.
And, thereupon, the Court pronounced the following judgment:
“It is therefore considered by the Court, that said record be supplied — said judgment set up — and that the plaintiffs recover of said defendant, the said sum of $150.00, and interest, from the rendition of the original judgment, together with the sum of $5.25 costs of original judgment; also costs of this motion — that execution issue.”
To reverse this judgement, the defendant has prosecuted a writ of error to this Court. It is said the affidavits of Burton and Echols, transcribed into this record — not having been made so by bills of exception— form no part of the record, and cannot be looked to for any purpose. This is unquestionably correct. But that fact can make no difference in this case, inasmuch *400 as the substance of the affidavits is recited in the judgment of the Court, as the foundation of its actions; and thus the facts,' upon which the action of the Court was based, are put upon record.
It is next insisted, the action of the Court in setting up this judgment — the record of which had been destroyed — is unauthorized by Sec. 3907 of the Code; and that the provisions of that Section apply only to cases still pending, and undetermined.
Its provisions are as follows: “Any record, proceeding or paper, filed in an action, either at law or equity, if lost or mislaid — unintentionally or fraudulently made away with — may be supplied upon application, under the orders of the Court, by the best evidence the nature of the case will admit of.”
We think the provisions of this Section were intended only to enable parties, during the pendency of the suit, to supply any record, proceeding, or paper, which had been filed in the action, and had been lost or destroyed, or fraudulently made away with, and which he might conceive necessary to the correct adjudication of his rights in such action, and not to the supplying of a final judgment, which had been destroyed. But it can make no difference in this case.
The record of the judgment — that is, the minutes of the Court — reciting the recovery, is only evidence of the fact, that a judgement was recorded.
The judgment, once recovered, remains in force until satisfied; although the evidence of its recovery may be lost, or destroyed. And in such cases, to enable the parties to enforce the judgment, the correct *401 practice is, upon application to the Court in which the judgment was recorded. To award executions upon such judgment, and the introduction of such proof as may be in the possession of the party making the application, showing the fact of the rendition of the judgment, and the loss of the record evidencing that fact; and if the same be satisfactory, the Court will award an execution.
The record shows the fact of the existence of the judgment, and the destruction of the record evidence of its existence, by fire.
Although subject to technical criticism, the judgment of the Circuit Court is satisfactorily correct, and will be affirmed.